IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALLEN F. JOHNSON & ASSOCIATES, LLC, )<br>Plaintiff, )<br> )<br>v. )<br> )<br>PORT SECURITY INTERNATIONAL, LLC, )<br>Defendant. ) | Case No. 1:08cv593 |

## ORDER

This matter came before the Court for trial without a jury by consent of the parties. Evidence and argument were presented on January 21, 2009; January 22, 2009; January 27, 2009; and February 5, 2009. David Riddick, Jose Carlos Sarmiento, and Allen Johnson testified on plaintiff's behalf, and Lawrence McLernon and Lilian Li testified on defendant's behalf. Numerous documents were admitted into evidence. At the conclusion of the evidence, the Court heard argument and then issued from the Bench its findings of facts and conclusions of law.

Based on the findings of fact and conclusions of law stated from the Bench, and for the reasons stated from the Bench,

It is hereby **ORDERED** that, under Count I's breach of contract claim, plaintiff is entitled to a judgement of $230,400 against defendant because (i) defendant's contract with Cobigua fell within the scope of defendant's consulting agreement with plaintiff, and (ii) defendant breached its consulting agreement with plaintiff when it failed to pay plaintiff 20% of the fees, net of taxes, collected under the Cobigua contract for plaintiff's role in assisting defendant with the Cobigua contract.[1]

---

[1] The parties stipulated that defendant has received scanning fees from Cobigua in the amount of $72,000 per month, after taxes, since October 2007 to present. When announcing

It is further **ORDERED** that Count IV's *quantum meruit* claim is **DISMISSED** because the services plaintiff provided to defendant were within the scope of the parties' consulting agreement.

It is further **ORDERED** that, under Count II's declaratory judgment claim, plaintiff is not entitled to either (1) a declaration that plaintiff is entitled to consulting fees throughout the entire term of the Cobigua contract[2] because (i) plaintiff's rights to any future damages had matured when it brought suit as the consulting agreement represents a single, indivisible contract[3] and (ii) plaintiff made an election of remedies to which it is bound when it did not seek to prove future damages and therefore may not split the breach of contract cause of action to seek recovery in successive suits; or (2) a declaration that the January 4, 2007, letter from defendant was ineffective under the terms of the consulting agreement to terminate the consulting agreement because such a declaration would constitute an impermissible "determination of a disputed issue rather than an adjudication of the parties' rights." *Green v. Goodman-Gable-Gould Co., Inc.*, 268 Va. 102, 104 (2004).[4]

---

judgment, the Court relied on defendant's representation that the total amount would be $216,000, but it is now clear that as of this date, defendant has collected 16 months of payment from Cobigua, not 15 months.

[2] The Cobigua contract has a term of five years with the possibility of a five-year renewal. The consulting agreement provided that plaintiff would receive 20% of fees, net of taxes, "for the duration of the contract and its renewals."

[3] Plaintiff demonstrated that it believed the consulting agreement was a single, indivisible contract by seeking $2,500,000 in Count I of its complaint for the agreement's breach.

[4] Resolution of whether the January 4, 2007, letter was effective to terminate the consulting agreement was not necessary in determining that defendant is liable to plaintiff for 20% of the fees, net of taxes, defendant has collected under the Cobigua contract because the consulting agreement provides that its remuneration provision shall survive termination.

The Clerk is directed to (i) enter judgment in accordance with this Order pursuant to Rule 58, Fed. R. Civ. P., (ii) send a copy of this Order to all counsel of record, and (iii) place this matter among the ended causes.

Alexandria, Virginia
February 5, 2009

/s/
T. S. Ellis, III
United States District Judge