IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
AUG - 6 2009
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| ALLEN F. JOHNSON, LLC, <br> Plaintiff, <br><br> v. <br><br> PORT SECURITY <br> INTERNATIONAL, LLC, <br> Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 1:08cv593 <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

Plaintiff in this diversity breach of contract action prevailed on one of its claims, but lost on a second claim. Specifically, plaintiff won a $230,400 judgment representing past damages for breach of a consulting agreement, but lost on its request for a declaration that plaintiff had the right to recover future damages under the agreement as they might accrue. Now, plaintiff seeks to enforce the money judgment while appealing the adverse declaratory judgment ruling. Defendant, in its pending motion to stay execution of the judgment, argues that plaintiff may not enforce one part of the judgment while appealing another.

For the reasons that follow, defendant's motion must be denied. There is no bar to enforcing one part of a judgment while appealing another where, as here, the judgment on one claim is separate and distinct from the second claim, and the disposition on appeal of the second claim, whatever that disposition might be, will not affect the validity or amount of the money judgment awarded on the first claim.

I.

This diversity contract dispute arose out of defendant's alleged failure to pay plaintiff its commissions due pursuant to a consulting agreement the parties entered into on January 5, 2006. As

1

a result of defendant's alleged failure to pay, plaintiff filed suit seeking the following remedies: (i) Count I: $2,500,000 in damages for breach of contract; (ii) Count II: a declaratory judgment as to plaintiff's right to seek future damages under this contract;[1] (iii) Count III: $2,500,000 in damages for breach of contract (pled in the alternative to Count I);[2] and (iv) Count IV: $2,500,000 in damages under a *quantum meruit* theory of liability (further pled in the alternative to Count I).[3] The parties waived their right to a jury trial and a four-day bench trial was held on January 21, January 22, January 27, and February 5, 2009. Following the presentation of testimony, documentary evidence, and oral argument, findings of fact and conclusions of law issued from the Bench. Briefly, plaintiff was awarded $230,400 in past damages for the breach of contract claim alleged in Count I; plaintiff did not prove or even attempt to prove any future damages. Furthermore, Count II, plaintiff's request for declaratory judgment, was denied as the contract was found to be indivisible, and plaintiff's rights had therefore matured when it brought suit. These rulings were memorialized in an order dated February 5, 2009, and judgment was entered on February 9, 2009. *See Allen F. Johnson & Assocs.*

---

[1] Specifically, in Count II, plaintiff sought (i) a declaration that plaintiff is entitled under the parties' consulting agreement to consulting fees throughout the entire term (five years with the possibility of a five-year renewal) of the Cobigua contract; (ii) a declaration that plaintiff is entitled to consulting fees from other contracts entered into by defendant or its affiliates during the term of the parties' consulting agreement; and (iii) a declaration that the January 4, 2007 letter from defendant was ineffective under the terms of the consulting agreement to terminate the consulting agreement. Early on in the litigation, an Order issued granting defendant's motion to dismiss Count II insofar as plaintiff sought declaratory judgment as to its entitlement to consulting fees from contracts other than the Cobigua contract. *See Allen F. Johnson & Assocs. v. Port Sec. Int'l, LLC*, No. 1:08cv593 (E.D. Va. Aug. 22, 2008) (Order). Plaintiff's request for a declaration as to the January 4, 2007 letter was denied at the conclusion of the bench trial.

[2] Count III was dismissed as moot by agreement of the parties. *See Allen F. Johnson & Assocs. v. Port Sec. Int'l, LLC*, No. 1:08cv593 (E.D. Va. Aug. 22, 2008) (Order).

[3] Count IV was dismissed at the conclusion of the bench trial because it was an alternative theory of liability for Count I.

*v. Port Sec. Int'l, LLC*, No. 1:08cv593 (E.D. Va. Feb. 5, 2009) (Order); *Allen F. Johnson & Assocs. v. Port Sec. Int'l, LLC*, No. 1:08cv593 (E.D. Va. Feb. 9, 2009) (Judgment). The disposition of the February 5, 2009 Order is relevant to resolving the matter at hand and warrants brief recounting. The Order stated, in pertinent part, that:

> under Count I's breach of contract claim, plaintiff is entitled to a judgment of $230,400 against defendant because . . . (ii) defendant breached its consulting agreement with plaintiff when it failed to pay plaintiff 20% of the fees, net of taxes, collected under the Cobigua contract for plaintiff's role in assisting defendant with the Cobigua contract.

*Allen F. Johnson & Assocs. v. Port Sec. Int'l, LLC*, No. 1:08cv593 (E.D. Va. Feb. 5, 2009) (Order) (footnotes omitted). The Order further stated that:

> under Count II's declaratory judgment claim, plaintiff is not entitled to . . . (1) a declaration that plaintiff is entitled to consulting fees throughout the entire term of the Cobigua contract because (i) plaintiff's rights to any future damages had matured when it brought suit as the consulting agreement represents a single, indivisible contract and (ii) plaintiff made an election of remedies to which it is bound when it *did not seek to prove future damages* and therefore may not split the breach of contract cause of action to seek recovery in successive suits[.]

*Id.* (footnotes omitted) (emphasis added).

On February 24, 2009, plaintiff, contending that this ruling was based on a clear error of law, filed a motion to amend, pursuant to Rules 52(b) and 59(e), Fed. R. Civ. P., (i) certain conclusions of law issued from the Bench on February 5, 2009; (ii) the February 5, 2009 Order; and (iii) the February 9, 2009 Judgment. By Order dated April 1, 2009, plaintiff's motion to amend was denied on the ground that plaintiff failed to demonstrate any clear error of law. *See Allen F. Johnson & Assocs. v. Port Sec. Int'l, LLC*, No. 1:08cv593 (E.D. Va. Apr. 1, 2009) (Order). Following denial of its motion to amend, on April 30, 2009, plaintiff filed a notice of appeal with the Court of Appeals

for the Fourth Circuit. Subsequent to the filing of its appeal, plaintiff sought to enforce the $230,400 judgment against defendant by seeking a writ of execution and a garnishment summons. Defendant, who filed no cross appeal, contends that as plaintiff has appealed the Court's final order, execution of the judgment should automatically be stayed pending resolution of the appeal, and defendant correspondingly seeks entry of an order staying execution of the judgment and staying any proceeding in aid of execution of the judgment.[4] Plaintiff counters that when a judgment contains two or more completely separable or divisible elements, execution of an undisputed element of the judgment is appropriate provided that resolution of the distinct and disputed elements on appeal will not affect the element of the judgment sought to be executed.

## II.

Common sense and settled law dictate that a litigant cannot enforce or collect a judgment while simultaneously appealing that judgment. The leading case on this point is *Bronson v. Lacrosse & Milwaukee R.R. Co.*, 68 U.S. (1 Wall) 405 (1863), where the Supreme Court, almost a century and a half ago, observed that it would be "against all reason and principle" to allow litigants to proceed to enforce a judgment or decree while, at the same time, contending on appeal that the judgment or decree is in error. *Id.* at 410. A more recent expression of this proposition is found in *TVA v. Atlas Machine & Iron Works, Inc.*, 803 F.2d 794 (4th Cir. 1986), where the Fourth Circuit, citing *Bronson*, stated that "[w]here the prevailing party in the lower court appeals from that court's judgment, the appeal suspends the execution of the decree." *Id.* at 797.

---

[4] Defendant also moved to quash the garnishment summons and suggestion in garnishment. Yet, because the party served with the garnishment summons, Wachovia Bank, N.A., responded by averring that it had no accounts responsive to the summons, the portion of defendant's motion relating to the garnishment issue is moot.

4

*Bronson* and *TVA* do not paint the complete picture; there is an equally settled and sensible corollary proposition to the effect that a litigant may collect or enforce part of a judgment and simultaneously appeal other portions where the portions are separate and divisible and the results of appealing some portions cannot affect the portions sought to be collected or enforced. This corollary proposition has also received Supreme Court recognition. Twenty years after *Bronson*, the Supreme Court, in *Embry v. Palmer*, 107 U.S. 3, 8 (1883), held that where the "amount awarded, paid, and accepted constitutes no part of what is in controversy[,]" its acceptance by plaintiff cannot be construed as an admission that the decree he seeks to reverse is not in error and does not prevent him from appealing that decree.

Importantly, this corollary proposition also finds expression in settled Fourth Circuit precedent. Thus, in *Finefrock v. Kenova Mine Car Co.*, 37 F.2d 310 (4th Cir. 1930), the Fourth Circuit stated that the rule in *Bronson*

> has no application to cases where the appellant is shown to be so absolutely entitled to the sum collected upon the judgment that the reversal of it will not affect his right to the amount accepted.

*Id.* at 314. Nor is the Fourth Circuit alone in recognizing this corollary proposition; other circuits are in accord.[5]

---

[5] *See, e.g., Wynfield Inns v. Edward LeRoux Group, Inc.*, 896 F.2d 483, 489 (11th Cir. 1990) (recognizing that under the "acceptance of benefits" doctrine, a party who voluntarily accepts the benefit of a judgment cannot seek a reversal of the judgment unless "(1) the judgment appealed from consists of two or more separate, distinct and unrelated parts; or (2) there is no controversy regarding the amount of a judgment to which a litigant is entitled in any event"); *Luther v. United States*, 225 F.2d 495, 497 (10th Cir. 1955) (recognizing "the firmly established exception that where a judgment or decree adjudicates separable or divisible controversies, the appealing party may accept the benefit of the separate or divisible feature in his favor and challenge the feature adverse to him") (citations omitted); *Price v. Franklin Inv. Co.*, 574 F.2d 594, 598 (D.C. Cir. 1978) (same) (quoting *Luther*, 225 F.2d at 497).

5

The rationales for the *Bronson* rule and the *Embry* corollary are straightforward. A prevailing party should not ordinarily be allowed simultaneously to enforce and appeal an indivisible judgment for the obvious reason that the appeal result may well alter the judgment's terms or amount. Yet, in the case of a judgment that has separate, divisible parts, there is no reason in principle that a party prevailing on a divisible part or portion of a judgment cannot proceed to collect or enforce that portion of the judgment while simultaneously appealing other separate and divisible portions of the judgment, provided of course that the result of the appeal cannot alter or affect the separate portion of the judgment sought to be enforced or collected. In short, where an appeal of a portion of a divisible judgment has no potential to alter or affect in any way the unappealed divisible portions of the judgment, there is no bar to a prevailing party seeking to enforce or collect the divisible unappealed judgment parts. Given this, the question here presented is whether plaintiff's appeal of the adverse ruling with respect to the claim for a declaratory judgment in Count II has any potential to alter, change, or modify the judgment awarding plaintiff damages for the breach of contract claim alleged in Count I.

To answer this question, it is necessary to specify the issues on appeal. In this respect, plaintiff's Fourth Circuit docketing statement identifies the issues on appeal as follows:

> (1) Did the District Court err by not awarding Plaintiff declaratory judgment as to future commissions due under the Agreement between the parties?
>
> (2) Is the Agreement between the parties a divisible contract under Virginia law?
>
> (3) Is Plaintiff precluded from pursuing subsequent actions for future commissions?

*See* Docket No. 106-2.

6

These appellate issues all relate solely to the ruling below concerning the Count II claim for a declaratory judgment; they are wholly separate and distinct from, and independent of, the ruling below on the Count I claim for breach of contract damages. It is clear, therefore, that the award of breach of contract damages will not be altered or changed in any way by whatever might be the appellate disposition of these issues. If plaintiff prevails on appeal, he may receive the requested declaratory judgment in addition to the damages award of $230,400. If plaintiff loses on appeal, this will not affect the amount or validity of the damages award. In these circumstances, consistent with *Embry* and *Finefrock*, plaintiff's appeal is no bar to his effort to enforce and collect the money judgment.

Defendant's contrary view relies chiefly on the Fourth Circuit's *TVA* decision. That reliance is unwarranted; *TVA* is neither factually apposite, nor does that opinion stand for the proposition defendant advocates, namely that an appeal of a judgment stays enforcement of all parts or portions of a judgment whether or not the parts or portions are separate, divisible, and independent. In the *TVA* case, TVA initially won a judgment against Atlas for $200,300.22. Atlas appealed and TVA cross appealed. Atlas posted a supersedeas bond in the amount of the judgment. The appeal resulted in vacation of the award and a remand for a new trial. This time, before a new judge, TVA won a much larger judgment of $1,892,658.37. Thereafter, TVA moved the district court to enforce the supersedeas bond in partial payment of the new, larger judgment. The district court denied this motion and TVA appealed. The issue on appeal, according to the appeal panel, was "whether an appellant's obligation under a supersedeas bond, given to stay execution of a judgment pending appeal, is either (1) excused when the opposing party cross-appeals or (2) discharged when the court of appeals affirms as to liability but remands for a new trial as to damages." *TVA*, 803 F.2d at 795.

7

Given this as the issue on appeal in *TVA*, it is clear that the *TVA* decision is factually and legally inapposite to the instant case. It is equally clear that the statement in *TVA* relied on by defendant — "[w]here the prevailing party in the lower court appeals from that court's judgment, the appeal suspends the execution of the decree" — comes directly from *Bronson*, and like that decision, covers only single or indivisible judgments and thus tells only half the story. Omitted is the other half which relates to judgments with multiple, divisible, and independent parts and is governed by the *Embry* and *Finefrock* line of cases. Thus, *TVA* is of no avail to defendant.

Equally unavailing to defendant is *Fidelcor Mortgage Corp. v. Insurance Co. of North America*, 820 F.2d 367 (11th Cir. 1987), which defendant cites in support of an argument that the judgment on Count I is not separate and independent from the rulings on Count II. *Fidelcor*, like *TVA*, is quite distinguishable, as the following summary confirms. *Fidelcor* involved an insured's action against an insurer seeking reimbursement for money paid to a third party who had successfully sued the insured in state court for fraud, slander of title, and punitive damages. The district court ruled for the insured on the slander of title claim, but for the insurer on the claims for fraud and punitive damages. The insured appealed all the rulings, then accepted payment from the insurer for the full amount of the judgment, which included costs, attorneys' fees, and prejudgment interest. In accepting this money, the insured executed a satisfaction of judgment form without reservation. On these facts, the Eleventh Circuit panel dismissed the appeal without reaching the merits, noting that "there is nothing left from which it [the insured] may appeal." 820 F.2d at 370. The insured argued that the district court's rulings on the fraud and punitive damages claims were separable from the ruling on slander of title and that it should be allowed to accept the favorable judgment for the latter claim while appealing the rulings on the former claims. The panel rejected this argument, noting that

8

the notice of appeal included all of the district court's orders and rulings. Additionally, the panel noted that the judgment the insured satisfied included attorneys' fees relating to all of the insured's claims, including those (fraud and punitive damages) on which the insured had not prevailed in district court. Finally, the panel noted that the state court jury's general verdict precluded the district court from determining whether the underlying punitive damages award stemmed from the fraud claim or the slander of title claim and hence that the district court had properly concluded that the punitive damages award was not severable. This conclusion is of no help to the defendant in this case as it is clear that the breach of contract damages awarded for Count I are separate and distinct from the denial of the declaratory judgment. Indeed, the plaintiff's problem in this case is, in part, his attempt to split the breach of contract claim into past damages and future damages and then offering no evidence as to future damages at trial.

In summary, pursuant to the principle reflected in *Embry* and *Finefrock*, there is no bar to plaintiff's seeking to enforce the money judgment for breach of contract while appealing the adverse declaratory judgment ruling because those rulings are separate and independent and the resolution of plaintiff's appeal, whatever it might be, will not affect the amount or the fact of the breach of contract damages judgment.

For the reasons stated above, defendant's motion to stay execution of the judgment must be denied. An appropriate Order will follow.

August 6, 2009
Alexandria, VA

/s/
T. S. Ellis, III
United States District Judge